# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAISY FRANCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-897-D |
| ) | |
| GOODWILL SHOPS SOUTH, LLC ) | |
| GOODWILL INDUSTRIES OF ) | |
| CENTRAL OKLAHOMA, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff Daisy Franco's Motion to Strike Affirmative Defenses [Doc. No. 7]. Defendants Goodwill Shops South, LLC and Goodwill Industries of Central Oklahoma, Inc. (occasionally referred to herein collectively as "Goodwill") have filed their Response [Doc. No. 8] and Plaintiff has replied [Doc. No. 9]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff contends she was discriminated against and wrongfully terminated because of her race. She moves to strike Defendants' Affirmative Defenses Nos. 2, 3, 4, 5, 7, 8, 9, 10 and 11 as legally insufficient pursuant to Rule 12(f), Federal Rules of Civil Procedure, which state:

    2.    All employment decisions regarding Plaintiff were made and based on legitimate, non-discriminatory reasons.

3. Plaintiff's gender, race, national origin and/or color were neither a determining nor motivating factor in any employment action taken by Goodwill.

4. Plaintiff was, at all relevant times, an employee at will.

5. Plaintiff's claims are barred, in whole or in part, because Goodwill acted at all times in compliance with applicable employment laws, its own policies prohibiting discrimination and retaliation, and in good faith.

7. Goodwill is entitled to an offset for any benefits or other wages, income, or remunerations received by Plaintiff.

8. Plaintiff's claims for relief are barred to the extent they exceed that available under applicable federal law.

9. Goodwill did not engage in any unlawful discriminatory practice, or act at any time with malice or with reckless disregard or indifference to any of Plaintiff's protected rights.

10. Plaintiff's claim for punitive damages is barred to the extent it is in violation of the Constitution of the United States and any other applicable law.

11. Goodwill reserves the right to assert additional defenses that become apparent during the course of this lawsuit.

*See* Answer at 5-6 [Doc. No. 3].

Plaintiff argues the aforementioned defenses are largely general denials of wrongdoing. Plaintiff also contends Affirmative Defense No. 8 is improperly hypothetical and Affirmative Defense No. 11 is improper since any amendment to

the Answer must comply with Rule 15, Federal Rules of Civil Procedure.[1] Defendants, in response, state the defenses provide Plaintiff with adequate notice, do not prejudice Plaintiff and, if anything, are specific denials mislabeled as affirmative defenses.[2]

## STANDARD OF DECISION

Rule 12(f) grants the Court authority to "strike an insufficient defense, or any redundant, immaterial, impertinent or scandalous matter." *Id*. However, motions to strike are a severe remedy, and as such are generally disfavored. *See United States v. Hardage*, 116 F.R.D. 460, 462 (W.D. Okla. 1987); *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). Nor should a defense be stricken "if there is any real doubt about its validity, and 'the benefit of the doubt should be given to the pleader.'" *Id.* (quoting *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37

---

[1] Although Plaintiff states her belief that the pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 663 (2009) applies, she has abandoned that argument as "unnecessary" and bases her motion only on notice pleading standards. *See* Mot. at 4. The parties acknowledge that the Tenth Circuit has yet to address whether the heightened pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses and that district courts within the circuit, as well as those within this district, have reached divergent conclusions on the matter. However, this Court has consistently "concluded that the *Twombly/Iqbal* standard does not apply with the same force to affirmative defenses." *Wilson v. Lady Di Food Groups Holding, LLC*, No. CIV-16-1424-D, 2017 WL 1458783, at *1 (W.D. Okla. Apr. 24, 2017) (citing *Holt v. Roy Blackwell Enter., Inc.*, No. CIV-15-326-D, 2016 WL 319894, *3 n. 3 (W.D. Okla. Jan. 26, 2016)).

[2] Defendants withdraw Affirmative Defense No. 11.

(N.D. Ill. 1982)). This rule acknowledges that "the very possibility of waiver makes it important (and certainly prudent) to plead all appropriate affirmative defenses," and "the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." *Bobbitt,* 532 F.Supp. at 736.

Therefore, motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some sort of significant prejudice to one or more of the parties to the action." *Wilson v. Lady Di Food Groups Holding, LLC*, No. CIV-16-1424-D, 2017 WL 1458783, at *1 (W.D. Okla. Apr. 24, 2017) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004)); *see also Holt v. Roy Blackwell Enterprises, Inc.*, No. CIV-15-326-D, 2016 WL 319894, at *2 (W.D. Okla. Jan. 26, 2016) (citations omitted). As stated in *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE, 2009 WL 10671291 (W.D. Okla. July 30, 2009), an "abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Id*. at *1.

## DISCUSSION

The defenses at issue either state (1) Defendants' position with regard to certain elements of Plaintiff's claims, such as non-discriminatory reasons for Plaintiff's termination (Affirmative Defenses Nos. 2, 3, 4, 5, 9) or (2) the availability of certain remedies (Affirmative Defenses Nos. 7, 8, and 10). In *Wilson* and *Holt*, cited *supra*, this Court declined to strike similar defenses (which alleged non-discriminatory motivations and the availability of particular remedies) on the basis that those defenses "contain[ed] sufficient detail to indicate the relationship of the defense to the claims asserted and to avoid undue prejudice" to the plaintiff. *See Wilson*, 2017 WL 1458783 at *2; *Holt*, 2016 WL 319894 at *3. That same rationale applies here.

Indeed, Plaintiff's Motion reflects her clear understanding of the relationship of the defenses to her claims. With respect to Affirmative Defenses Nos. 3, 5, 7, 9 and 10, Plaintiff's Motion states that, if true, said defenses would preclude success on her claims because they deny discriminatory reasons for Defendants' employment decisions. *See* Mot. at 5-6. Plaintiff does not assert any prejudice related to these defenses. Likewise, Plaintiff expresses her understanding that Affirmative Defense No. 4 asserts a "legitimate, non-discriminatory reason" for her termination, similar to Affirmative Defenses Nos. 3, 5, 7, 9 and 10. *See* Mot. at 6-7.

Affirmative Defense No. 2 also cites legitimate, non-discriminatory reasons for Defendants' employment decisions.

Based on its review of Defendants' Answer, the Court finds there is sufficient detail to indicate the relationship of the challenged defenses to the claims asserted and to avoid undue prejudice to Plaintiff, and Plaintiff's Motion should be denied.

## CONCLUSION

Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 7] is **DENIED** as set forth herein.[3]

**IT IS SO ORDERED** this **18th** day of December 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] As noted, Defendants have withdrawn Affirmative Defense No. 11. Accordingly, Plaintiff's Motion with respect to that issue is considered moot.